United States District Court
Middle District of Florida
Jacksonville Division

**JEREMIAH JAMES DAVID PRE JOHNSON,**

 *Plaintiff,*

v.            NO. 3:22-CV-521-TJC-PDB

**LENNY CURRY ET AL.,**

 *Defendants.*

# Report and Recommendation

Without a lawyer, Jeremiah Johnson completed and filed a "Complaint for Violation of Civil Rights" form, Doc. 1, and an "Application to Proceed in the District Court Without Prepaying Fees or Costs" form, Doc. 2.

Purporting to proceed under 42 U.S.C. § 1983, Mr. Johnson contends "Lenny Curry/City of Jacksonville," "J. Lawton ID#61," and "Adams Towing/Owner Name Unknown" violated his Fourth Amendment right to be free from unreasonable searches and seizures. Doc. 1 at 3, 4.

According to Mr. Johnson, he left his SUV in the grass at a skate park so "it was out of the way" until he could put air in the tires. Doc. 1 at 4. Officer Lawton told him to move the SUV within 24 hours or it would be towed. Doc. 1 at 4. The next day, Adams Towing towed it. Doc. 1 at 4.

Specifically, Mr. Johnson alleges:

> I HAD MY FORD SUV PARKED IN THE GRASS AT THE SKATE PARK, THE TWO BACK TIRES NEEDED TO BE PLUGGED AND AIRED UP AND I PUT IT THERE SO THAT IT WAS OUT OF THE WAY UNTIL I WAS ABLE TO GET MY TIRES DONE. ON 4/25/22 OFFICER J. LAWTON TOLD ME THAT I HAD 24 HRS TO MOVE MY SUV OR IT WOULD BE TOWED[.] I INFORMED HIM THAT EVEN THOUGH I DIDN'T HAVE TO MOVE IT I WOULD DO SO. HE TOLD ME THAT HE WOULD BE BACK ON 4/26/22 AT 4PM AND THAT I HAD UNTIL THEN TO MOVE IT. ON THE 26[TH] I WAS IN COURT FOR A FAMILY MEMBER AND WAS GONG TO MOVE IT AFTER I LEFT COURT, BUT WHILE I WAS IN COURT, ADAM'S TOWING CAME AND TOWED MY SUV, THEY DIDN'T GIVE MY FAMILY ANY RECIEPT OR ANYTING SO THAT I COULD CONTACT THEM ABOUT MY SUV. MY ADOPTED MOM AND BROTHERS SAW MY SUV GET TOWED AND MY MOM HEARD OFFICER J. LAWTON TELL ME THAT I HAD UNTIL 4PM TO MOVE IT[.]

Doc. 1 at 4. Mr. Johnson contends, "THE FACT OF THE MATTER IS THAT THE CITY DOES NOT OWN ANYTHING IN AND OF ITSELF, ALL LAND/PROPERTY ECT., IS HELD IN TRUST BY THE CITY ON BEHALF OF THE PEOPLE AND THE CITY CAN NOT AT ANYTIME PENALIZE A[.]" Doc. 1 at 4 (abrupt ending in original).

Besides a demand for fees and costs, Mr. Johnson asks the Court to order the defendants to return his SUV to the skate park and order each defendant to pay him $20,000 for each day the SUV was out of his possession and $200,000 in punitive damages. Doc. 1 at 5.

The undersigned ordered Mr. Johnson to show cause why the case should not be dismissed for failure to state a claim on which relief can be granted. Doc. 6. The undersigned construed the complaint liberally, concluded Mr. Johnson may be attempting to assert federal claims under 42 U.S.C. § 1983 for alleged

violations of the Fourth, Fifth, and Fourteenth Amendments, and described the law:

> 42 U.S.C. § 1983 provides a federal cause of action against any person who, acting under the color of law, deprives another of a federal right. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and quoted authority omitted).
>
> The Fifth and Fourteenth Amendments prohibit deprivation of property without due process. U.S. Const. amends. V, XIV. The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. The Fifth Amendment also prohibits the taking of private property for public use without just compensation. U.S. Const. amend. V. Through the Fourteenth Amendment, the Fourth and Fifth Amendments apply to the states. *Hiibel v. Sixth Jud. Dist. Ct. of Nevada*, 542 U.S. 177, 180 (2004).
>
> Construing Mr. Johnson's complaint liberally, he may be attempting to assert § 1983 claims for alleged violations of his right to procedural due process, right to be free from unreasonable seizures, and right to just compensation for the taking of his vehicle.
>
> Even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. … [T]he state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). A postdeprivation remedy also precludes a due-process violation under the Fifth Amendment. *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527–28 (11th Cir. 1986).
>
> Florida law provides for the return of a towed vehicle and creates remedies for when the towing was wrongful. *See* Fla. Stat. § 713.78(5) (providing for complaint process, return of vehicle, and payment of fees).
>
> "The availability of a postdeprivation remedy, while negating any procedural due process claims, cannot defeat a claim that a seizure itself was violative of the Fourth Amendment." *Lindsey v. Storey*, 936 F.2d 554, 561 n.9 (11th Cir. 1991) (cleaned up).

>    Seizing a vehicle from a public place under a valid law does not violate the Fourth Amendment. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 351 (1971) (holding such a seizure "did not involve any invasion of privacy … and therefore [was] not unconstitutional"); *Florida v. White*, 526 U.S. 559, 566 (1999) (holding same). "Police will … frequently remove and impound automobiles which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic." *South Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976). "The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *Id.* at 369.
>
>    Jacksonville's municipal code prohibits "any person, other than authorized personnel, [from] park[ing] or driv[ing] a motorized vehicle … on lawns, fields, beaches or any places other than upon roadways and parking areas clearly constructed and established for such purposes within any park[.]" Jacksonville, Fla., Code § 28.721(b) (2022).
>
>    Unless the government takes private property for public use, no compensation is required under the Fifth Amendment. *See Davis v. Self*, 547 F. App'x 927, 935 (11th Cir. 2013) ("Because [the plaintiff's] complaint fails to allege that defendants took his property for public use, … he has not stated a Fifth Amendment claim that is plausible on its face."). Even if the government deprives someone of private property for public benefit, compensation is unnecessary if the deprivation is to stop illegal activity or abate a public nuisance. *See Keystone Bituminous Coal Ass'n v. DeBenedictus*, 480 U.S. 470, 492 n.22 (1987) (describing principle and citing cases).

Doc. 6 at 3–5. Based on the facts alleged and law described, the undersigned explained Mr. Johnson "does not appear to state a federal claim on which relief can be granted or otherwise show a basis for this Court's jurisdiction." Doc. 6 at 5.

Mr. Johnson by citing the Fourth and Ninth Amendments[*] and asserting the complaint should not be dismissed because "THIS COURT KNOWS THAT

---

[*] The Ninth Amendment provides, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Mr. Johnson fails to identify any unenumerated right the defendants may have violated.

4

ALL RULES, POLICIES, PROCEDURES, REGULATIONS, LAWS, ECT., ARE NULL AND VOID IF THEY ARE REPUGNANT TO THE CONSTITUION….. FURTHER THAT ALL LAWS MUST BE GIVEN THIER CLEAR AND EXPRESED MEANING AND INTENT AND THAT THERE CAN BE NO CONSTRUING WHERE THE LAW IS CLEAR." Doc. 7 at 1. He reiterates some of the alleged facts and adds:

> FURTHER, THAT OFFICER J. LAWTON PERSONALLY TOLD ME THAT HIS ONLY CONCERN WAS THAT MY SUV WAS BLOCKING THE SIDEWALK AND I INFORMED HIM THAT I WOULD MOVE IT OFF THE SIDEWALK WHICH I DID AND INFORMED HIM THAT THE TIRES WOULD BE REPAIRED THE NEXT DAY AND HE LEFT.
>
> …
>
> FURTHER, ON THE DAY THAT PLAINTIFF'S SUV WAS TOWED PLAINTIFF HAD INFORMED OFFICER J. LAWTON THAT PLAINTIFF WOULD HAVE THE TIRES REPAIRED AND SUV MOVED BY 1:00 PM AND HE SAID THAT WOULD BE OK.

Doc. 7 at 1–2, 3. He contends his SUV is not a vehicle subject to regulation because it is for personal instead of commercial use, the city could not legally tow the SUV without taking the skate park through eminent domain and compensating every Duval County citizen, he has the right to file suit because of government overreach and abuse of office, and following the legal process for recovering a towed vehicle would require him to pay an illegal citation and towing fee he cannot afford. Doc. 7 at 1–3.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall" dismiss an action by a plaintiff proceeding in forma pauperis if at any time the court determines the action fails to state a claim on which relief may be granted.

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer.

5

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A pro se litigant generally should be permitted to amend a pleading before dismissal with prejudice, but a court need not provide leave to amend if amendment would be futile, meaning the pleading as amended would still be properly dismissed or immediately subject to summary judgment. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Even construing the complaint liberally and considering the facts newly alleged in the response, Mr. Johnson fails to state a claim on which relief may be granted. Because Florida provides a post-deprivation remedy after a vehicle is towed, procedural due process is available. Because Mr. Johnson parked his SUV illegally, towing it was not an unreasonable seizure. And because the government did not take the SUV for public use, there was no eminent-domain taking requiring just compensation.

Mr. Johnson's arguments are unpersuasive. The contention that his SUV—i.e., sports utility vehicle—is not a vehicle and therefore not subject to regulation is meritless. He misapprehends eminent-domain law; as discussed in the show-cause order and repeated above, the Fifth Amendment prohibits the taking of private property for public use, not the regulation of private use of public property. He identifies no government overreach or abuse of office. And he is incorrect about the legal process for recovering a towed vehicle. Under Florida law, the owner of a towed vehicle may file a complaint in county court to determine whether the vehicle was wrongfully taken. Fla. Stat. § 713.78(5)(a). If the court determines the towing was wrongful, it "shall" order the "immediate payment in full of recovery, towing, and storage fees[.]" *Id.* § 713.78(5)(c). Thus, Mr. Johnson would not be required to pay an illegal citation or towing fees if the towing was wrongful.

6

Because Mr. Johnson fails to state a claim on which relief may be granted and amendment would be futile, the undersigned **recommends** dismissing the case with prejudice.

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on September 29, 2022.

                                                                                  _____
                                                                                  PATRICIA D. BARKSDALE
                                                                                  *United States Magistrate Judge*

c:   Jeremiah James David Pre Johnson
     1128 E. 1st St.
     Jacksonville, FL 32206